IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * |
| ROLAND PATTERSON, JR., | *   Civil No. 12-1754-BAH |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On April 8, 2013, Judge Garbis entered default judgment in favor of the United States and against Roland Patterson, Jr., ("Patterson") in the amount of $207,793.49 plus interest for failure to make satisfactory arrangement to repay Patterson's student loan debt.  *See* ECF 10.  On May 7, 2025, the case was reassigned to the undersigned when Patterson filed a motion for a temporary restraining order ("TRO") seeking to enjoin the United States "from garnishing 100 percent (%) of his Social Security Retirement Benefits check for the month of June 2025, as promised, or at any other time."  *See* ECF 12, at 1.  Patterson represents that a paralegal at the United States Attorney's Office Financial Litigation Program ("FLP") advised him on the phone that "the June garnishment would include 100% of the check for that month. It is that verbal statement which caused this petition."  *Id.* at 2.  Plaintiff argues that garnishing 100% of his monthly Social Security award would violate the Consumer Credit Protection Act, 15 U.S.C. § 1673(a).  *Id.* at 3.  He asks that any garnishment be limited to "25%" and notes that "[t]he Treasury Department wrote [Patterson] saying that the garnishment would be 15%."  *Id.* at 3.

The United States filed an opposition, noting that "[t]his matter appears to have arisen out of a misunderstanding or miscommunication." ECF 14, at 1. The United States explains that the FLP uses the Treasury Offset Program ("TOP"), based out of the Department of the Treasury, to collect debts owed to the United States, including student loan debts. *See* ECF 14, at 1–2. Further, it notes that offset amounts garnished from Social Security Retirement Benefits are capped by law at the lesser of 15% of the monthly benefit payment or the dollar amount exceeding $750 of the monthly payment. *Id.* at 2; *see also* 31 U.S.C. § 3716; 31 C.F.R. § 285.4. The United States explains that "[t]he FLP cannot request to adjust a TOP offset to be greater than the amount capped by law," but can, upon "an examination of the debtor's financial disclosure records, . . . determine whether [a debtor such as] Mr. Patterson's case warrants a further reduction in the TOP offset." ECF 14, at 2–3.

Patterson replied, acknowledging that he "appreciates" the Government's explanation of the FLP and TOP programs and relevant legal authority, but he "remains concerned" and still seeks a TRO because "[t]he statement made by [the FLP paralegal] is of the same character as the executive orders which have produced so many adverse rulings across the many U.S. District Courts of this land." ECF 16, at 2.

TROs are governed by Federal Rule of Civil Procedure 65. "The purpose of a TRO is to 'preserve the status quo only until a preliminary injunction hearing can be held.'" *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). Preliminary injunctions and TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). They are not "awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555

U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, at 689–90 (2008)).  To succeed on a motion a TRO, a movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (alteration in original) (citing *Winter,* 555 U.S. at 20).

Here, setting aside the unusual posture of a motion for a TRO filed by a defendant in a long-closed case, Patterson has not demonstrated that he is likely to succeed on the merits that the garnishment exceeds an amount allowed by law.  While the Court understands that Patterson distrusts the Government's reassurance regarding the offset amount, the facts here indeed appear to reflect a misunderstanding or miscommunication, and Patterson has not demonstrated that his framing of the events reflects the true posture of the debt collection efforts.  Because he has not demonstrated likelihood of success on the merits, his motion for a TRO must be denied, and the Court need not evaluate whether he has met the other *Winter* factors.

For these reasons, it is this 16th day of June 2025, by the United States District Court for the District of Maryland, ORDERED that:

(1) Patterson's motion for a TRO, ECF 12, is DENIED; and

(2) The Clerk is directed to CLOSE this case and MAIL a copy of this order to Patterson.

/s/
Brendan A. Hurson
United States District Judge